## C. E. ADAMS v. W. A. KELLS.

No. 15,682. (100 Pac. 506.)

SYLLABUS BY THE COURT.

1. IMPROVEMENTS — *Occupying Claimant* — *Burden of Proving Value.* The allowance of compensation for permanent improvements under the occupying claimants' law is controlled by equitable considerations. The burden of proof rests upon the claimant to show the extent to which the improvement has enhanced the actual value of the land.

2. ———— *Evidence of the Extent an Improvement Has Enhanced the Value of the Land.* Where an occupying claimant in a trial to the court seeks compensation for breaking raw land, but offers no proof of value except what the breaking was worth per acre when it was done, and the court asks for additional evidence showing the extent the improvement has enhanced the value of the land and claimant declines to offer any further evidence, a judgment refusing to allow any compensation for such improvement will not be disturbed.

Error from Finney district court; WILLIAM H. THOMPSON, judge.    Opinion filed March 6, 1909.    Affirmed.

*R. W. Hoskinson,* and *Albert Hoskinson,* for plaintiff in error.

*Orlo H. Foster, Fred J. Evans,* and *Fred S. Dunn,* for defendant in error.

The opinion of the court was delivered by

PORTER, J.:  This was an action in ejectment.  The defendant claimed under a void tax deed.  The only issue submitted to the court was the value of the lasting improvements.  The question to be determined here is whether the trial court erred in refusing to allow the defendant $1.50 an acre for breaking 135 acres of land.

The defendant testified to the number of acres broken, and that at the time it was done it was worth $1.50 per acre.  No further testimony was offered. After all the evidence was in the trial court gave a written opinion, in which the attention of the defendant was directed to his failure to offer any evidence showing to what extent the breaking added to the value of the land.  The court stated the rule for ascertaining the value of permanent improvements, and cited numerous authorities in support of the rule, and the defendant was then given an opportunity to offer additional evidence to enable the court to determine what compensation should be allowed.  This the defendant declined to do.  The court thereupon rendered judgment refusing to allow any compensation for the breaking, and defendant brings error.

In our opinion the court committed no error.  The burden of proof was on the occupying claimant to establish the value of the lasting improvements for which he claimed compensation, and he is only entitled to a

lien for the actual value which the land has been enhanced by such improvements.

"The well-established rule as to the compensation to which an occupant of land is entitled for his improvements is that he should be allowed, not the amount the improvements have cost him, nor the actual value of the improvements themselves, but an amount equal to the actual enhancement in the value of the land which has resulted from the placing of such improvements thereon." (16 A. & E. Encycl. of L. 75, and cases cited.)

"The method of ascertaining the enhancement of value resulting from the placing of improvements thereon is to deduct from the value of the property as improved its value before any of the improvements in question were placed thereon, and also deducting any increase of value which has resulted from causes other than the occupant's improvements." (16 A. & E. Encycl. of L. 77.)

The occupying claimants' act (Civ. Code, §§ 601-613) proceeds upon the theory that in equity the owner who takes the land should be compelled to pay to the claimant the actual value the improvements have added to the land, because he receives benefits to that extent. The allowance, although provided by statute, is controlled by equitable considerations; and in such a case, before a court is justified in rendering a judgment granting to one person a lien upon the land of another, there must be some proof showing the extent to which the improvement has added to the actual value of the land. It is obvious that the compensation to be allowed can not be determined by what the improvement cost the claimant or by the value of the improvement itself. Courts know without proof that the breaking of prairie land is usually a permanent improvement, but the extent to which it increases the value of the land depends largely upon the manner and the time of year in which it is done. Breaking at one season of the year may add much to the value of the land, while if done at another season and under certain conditions it sometimes re-

sults in more harm than good, and constitutes an actual damage instead of a benefit to the land.

In the case at bar no injustice was done the defendant. The court advised him that it was impossible to make an allowance for the improvement unless additional proof was offered. It would not, it seems, have been difficult to have furnished the court with the information asked for.

The judgment is affirmed.